IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-155-MR-WCM

| | |
|---|---|
| YONG KIM, | ) |
|     Plaintiff, | ) MEMORANDUM AND |
| v. | ) RECOMMENDATION |
| UNITED STATES FOREST SERVICE, | ) |
|     Defendant. | ) |

This matter is before the Court on Defendant's Motion to Dismiss (Doc. 4), which has been referred to the undersigned pursuant to 28 U.S.C. §636 for the entry of a recommendation.

I. Relevant Procedural Background

On May 30, 2023, Yong Kim ("Plaintiff") filed a Complaint for Money Owed in the Small Claims Court of Buncombe County, North Carolina. Doc. 1-1.

On June 13, 2023, the United States Forest Service ("USFS") removed the matter. Doc. 1.

On August 3, 2023, the USFS filed the Motion to Dismiss along with a supporting memorandum. Docs. 4, 5.

On August 14, 2023, a Roseboro Order was issued. Doc. 6.

1

On August 24, 2023, Plaintiff's response to the Motion to Dismiss was filed. Doc. 7. The same day, the USFS replied. Doc. 8.

On September 8, 2023, Plaintiff filed an affidavit, apparently in response to the USFS's reply. Doc. 9.[1]

## II. Plaintiff's Allegations

Plaintiff's Complaint and associated materials allege that, on July 3, 2021, Plaintiff was legally fishing on public lands in the "Nantahala forest area" when he was "arrested and charged with misdemeanor of (sic) illegal controlled substance and a slew of other false charges." Doc. 1-1 at 6. Plaintiff alleges that the "substance was not illegal" but was an over-the-counter supplement. Id.

Plaintiff appears to assert claims for "respondeat superior," assault, battery, false imprisonment, intentional infliction of emotional distress, trespass to chattel, and negligence against the USFS based on the actions of USFS officers Brian Souther and Drew Hopkins, who interacted with Plaintiff. By way of example, Plaintiff alleges that the officers handcuffed him "without

---

[1] Though Plaintiff did not obtain leave of Court to submit the affidavit, the undersigned has considered it in connection with the Motion to Dismiss, in light of Plaintiff's *pro se* status and given that the Motion to Dismiss, in part, requests dismissal of Plaintiff's claims pursuant to Rule 12(b)(1).

2

Case 1:23-cv-00155-MR-WCM   Document 10   Filed 09/25/23   Page 2 of 9

crimes," that he was subsequently "physically restrained by walls" at the "detention center," and that the USFS seized his vehicle.

### III. Legal Standards

#### A. Rule 12(b)(1) [2]

A motion to dismiss made pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure addresses whether the court has subject-matter jurisdiction to hear the dispute. See Fed. R. Civ. P. 12(b)(1). When a motion is made pursuant to Rule 12(b)(1), the Court is "to regard the pleadings' allegations as mere evidence ... and may consider evidence outside of the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).[3]

The question of sovereign immunity may be considered in the context of a motion to dismiss pursuant to Rule 12(b)(1). Quinn v. N.C. Dep't. of Health and Human Servs., No. 3:19-cv-00391-FDW-DCK, 2020 WL 369290, at *3 (W.D.N.C. Jan. 22, 2020) ("A motion to dismiss based on sovereign immunity

---

[2] The Motion to Dismiss also seeks dismissal of Plaintiff's claims pursuant to Rule 12(b)(4) for insufficient process and pursuant to Rule 12(b)(5) for insufficient service of process. However, the undersigned is recommending disposition of the Motion to Dismiss, and Plaintiff's claims, only under Rule 12(b)(1).

[3] Accordingly, the undersigned has considered the Declaration of Charlene Rider (Doc. 5-1) submitted by the USFS and the Standard Form 95 (7-2) submitted by Plaintiff.

3

is properly raised under Rule 12(b)(1) of the Federal Rules of Civil Procedure.") (citing Jones v. Union Cty. Sheriff's Off., No. 3:18-CV-00509-KDB-DCK, 2019 WL 5692753, at *6 (W.D.N.C. Nov. 4, 2019)).

Where a court grants a motion to dismiss pursuant to Rule 12(b)(1), the dismissal must be without prejudice. See Dunn v. U.S. Dep't of Veterans Affs. No. 3:18-cv-699, 2019 WL 6842537, at *3, 6 (E.D. Va. Dec. 16, 2019) (granting the Department of Veterans Affairs' ("DVA") motion to dismiss "because sovereign immunity shields DVA from suit"); see also S. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) (dismissal for lack of subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits").

### B. *Pro se* Pleadings

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal citation omitted). At the same time, a court is not required to ignore a clear failure to allege facts which set forth a cognizable claim and does not act as a *pro se* plaintiff's advocate or develop claims that a plaintiff fails to raise. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should

4

view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."); Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) ("A district court is not required to act as an advocate for a pro se litigant").

IV. Discussion

In the Motion to Dismiss, the USFS argues that the Court lacks subject matter jurisdiction because Plaintiff has failed to present an administrative claim. The USFS also argues that the United States is the only proper defendant in this case such that it should be substituted for the USFS.[4]

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)).

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671–2680 waives the sovereign immunity of the United States "'for certain torts committed by federal employees' acting within the scope of their employment." Brownback v. King, 592 U.S. ---, 141 S. Ct. 740, 746 (2021) (quoting FDIC v. Meyer, 510 U.S. 471, 475–476 (1994)).

---

[4] Additionally, the USFS argues that service is defective because Plaintiff failed to serve both the United States Attorney's Office and the Attorney General of the United States.

However, "[t]he United States is the only proper defendant in an FTCA action." Worley V. U.S. Dep't of Agric., No. 1:20-cv-83-MOC-WCM, 2020 WL 5209314 (W.D.N.C. Sept. 1, 2020) (quoting Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009)); Owen v. FDA Off. of Generic Drugs, No. 1:20-cv-00098, 2021 WL 3883112, at *3 (W.D.N.C. Aug. 27, 2021).

Additionally, before filing suit under the FTCA, a plaintiff must present an administrative claim to the Government within two years of the subject incident. Kokotis v. U.S. Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000). This action is a "key jurisdictional prerequisite to filing suit under the FTCA." Id. (citations omitted); see also 28 U.S.C. § 2675(a); Magnate, LLC v. United States Env't Prot. Agency, No. 5:22-CV-00040, 2023 WL 4169961, at *2, n. 3 (W.D. Va. June 26, 2023) (a plaintiff cannot sue under the FTCA before it exhausts administrative remedies and to do so, it must "present[ ] the claim to the appropriate Federal agency") (citing 28 U.S.C. § 2675(a)); see also Parrish v. United States, No. 1:17cv70, 2020 WL 1330350, at * 3 (N.D. W.Va. March 23, 2020) (finding that administrative exhaustion "is a jurisdictional prerequisite because Congress has clearly stated it to be so. Accordingly, Fourth Circuit precedent, read together with [Fort Bend County v. Davis, 139 S. Ct. 1843 (2019)] and McNeil and the language of the FTCA, confirms the administrative exhaustion requirement to be a necessary predicate to this Court's exercise of jurisdiction.").

"A tort claim is 'presented' when the federal agency 'receives from a claimant ... an executed [SF-95] or other written notification of an incident, accompanied by a claim for money damages.' Mailing alone is not enough; there must be evidence of actual receipt." Rhodes v. United States of America, 995 F.2d 1063 (Table), 1993 WL 212495, at * 2 (4th Cir. 1993) (unpubl.) (citations omitted).

A claimant has not exhausted his administrative remedies until he receives a final denial from the agency "in writing and sent by certified or registered mail." 28 U.S.C. §2675(a). Alternatively, the "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall … be deemed a final denial of the claim." 28 U.S.C. §2675(a).

Here, in its opening brief, the USFS argued that Defendant had failed to file an administrative claim under the FTCA. Doc. 5 at 3-5. In support of that position, the USFS submitted a declaration in which Claims Officer supervisor Charlene Rider stated that she had "caused the appropriate Records Systems within [her] office to be searched, and there is no record of an administrative FTCA claim being presented by" Plaintiff. Doc. 5-1.

In response, Plaintiff states that "Form 95 has been filed and sent to the appropriate agency for claims against (sic) assault, battery, false imprisonment, intentional infliction of emotional distress, trespass to chattel, and negligence." Doc. 7 at 1. Attached to Plaintiff's response is a copy of

Standard Form 95 ("SF 95"), which appears to be dated at some point in 2023. Doc. 7-2.[5]

In its reply, the USFS states that the SF 95 appears to have been signed on August 22, 2023 or possibly June 22, 2023[6] but that, in any event, Plaintiff did not exhaust his administrative remedies before filing the case in Small Claims Court on May 30, 2023 or before the case was removed to federal court on June 13, 2023.

The undersigned agrees with the position of the USFS on this point.[7]

## V. Recommendation

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss (Doc. 4) be **GRANTED** and that Plaintiff's claims be **DISMISSED WITHOUT PREJUDICE.**

Signed: September 22, 2023

W. Carleton Metcalf
United States Magistrate Judge

---

[5] Also attached to Plaintiff's response is USPS tracking information which shows the delivery of some unidentified item in Asheville, North Carolina on August 16, 2023. Doc. 7-3. However, it appears that the tracking information relates to the delivery of Plaintiff's response to the Motion to Dismiss, and not delivery of the SF 95. Doc. 7-1.

[6] The undersigned's reading of the SF 95 is that it was signed on August 22, 2023.

[7] Because Plaintiff's claims are subject to dismissal as a result of his failure to exhaust administrative remedies, it is not necessary for the United States to be substituted in place of the USFS.

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).