IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00155-MR-WCM

| | |
|---|---|
| YONG KIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| UNITED STATES FOREST ) | |
| SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 4]; the Magistrate Judge's Memorandum and Recommendation [Doc. 10] regarding the disposition of that motion; and the pro se Plaintiff's filings entitled "Affidavit to Objection" [Doc. 11] and "Add to the Case" [Doc. 12].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss.

On September 25, 2023, the Magistrate Judge entered a Memorandum and Recommendation, recommending that the Defendant's Motion to Dismiss [Doc. 4] be granted and that the Plaintiff's claims be

dismissed on the grounds that the Plaintiff had failed to exhaust his administrative remedies as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). [Doc. 10 at 8]. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. On October 16, 2023, the Plaintiff filed an objection and addendum arguing that, contrary to the findings of the Magistrate Judge, he had in fact exhausted his administrative remedies. [Doc. 11, 12].

As an initial matter, the Plaintiff's filings, which the Court construes as objections to the Magistrate Judge's Memorandum and Recommendation, are untimely, as they were filed twenty-one (21) days after entry of the Memorandum and Recommendation. On this basis alone, the Plaintiff's objections should be overruled. Given the Plaintiff's pro se status, however, the Court will still consider the Plaintiff's objections despite their untimeliness.

In support of the Plaintiff's assertion that he properly exhausted his administrative remedies, he has attached to his filing a copy of the U.S. Department of Justice website, which he purports demonstrates that he submitted a report to the Civil Rights Division. [Doc. 12-1 at 1]. However, this submission is not dated. Therefore, it is unclear whether the report was submitted before or after the filing of this action, and the Plaintiff does

not provide any further information about any response to or resolution of his submitted report. The Plaintiff also makes conclusory legal arguments in his "Affidavit," including that his rights have been violated, that this Court should provide relief, and that all administrative remedies have been exhausted as of September 25, 2023, but he provides no further evidence of exhaustion that would satisfy the requisite statutory requirements. [See Doc. 11 at 1]. As such, the Plaintiff's objections are without merit.

After careful review of the Magistrate Judge's Memorandum and Recommendation and the Plaintiff's objections, the Court finds that the proposed conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendations.

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation [Doc. 10] is **ACCEPTED.**

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 4] is **GRANTED** and the Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Signed: November 16, 2023

Martin Reidinger
Chief United States District Judge